# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF
# MASSACHUSETTS

| | |
|---|---|
| BRENT ANDREW BRACKETT ARBOGAST, <br><br> Plaintiff, <br><br> vs. <br><br> PFIZER et al. <br><br> Defendants | Case No.: 1:22-CV-10156-DJC <br><br> MEMORANDUM SUPPORTING MOTION FOR DISQUALIFICATION |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR DISQUALIFICATION

Plaintiff submits this Memorandum of Reasons in support of his Motion for Disqualification of attorneys Stephen T. Paterniti, and Benjamin R. Davis in their representation of Defendant's Pfizer and Cowdrick in the current action.

Attorneys Paterniti and Davis are associates in the law firm Jackson Lewis P.C. Attorney Thomas M. Closson is currently a Principal of the Jackson Lewis law firm. Closson formerly represented Plaintiff in a case involving matters that are the same and substantially related to matters at the heart of the current action. As Plaintiff's lawyer, Closson acquired confidential information and evidence that are relevant to the current action and could be used to Plaintiff's disadvantage.

Pursuant to Rule 1.9 of the Massachusetts Rules of Professional Conduct (M.R.P.C.)

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that

> person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Because attorney Closson formerly represented Plaintiff in the same and substantially related matters at issue in the current action, Rule 1.9(a) of the M.R.P.C. prohibit him from representing Pfizer or Cowdrick in this action; their interests are materially adverse to Plaintiff's.

Rule 1.10(a) of the M.R.P.C. states in relevant part

> While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

Attorney Closson is prohibited from representing Pfizer or Cowdrick because he represented Plaintiff in the same matters at issue in the current action, not because of any personal interest. In the current action, Pfizer and Cowdrick have interests that are materially adverse to Plaintiff's interests. Closson's participation in Plaintiff's previous litigation against Wyeth was substantial. For example, he was responsible for drafting legal documents such as a confidential mediation statement.

"An attorney will be disqualified from representing a client if confidential or privileged information obtained during the representation or a prior client *could* be used to the prior client's disadvantage". Smith Nephew, Inc. v. Ethicon, Inc., 98 F. Supp. 2d 106, 108 (D. Mass. 2000) (citing Freund v. Butterworth, 117 F.3d 1543, 1574 (11th Cir. 1997))

Because Closson would be prohibited from representing the Defendants in the current action under Rule 1.9 of the M.R.P.C., Rule 1.10(a) applies to attorneys at the Jackson Lewis firm, and they are also prohibited from representing the Defendants in the current action.

Massachusetts courts have explained that the proscription of representation imputed to lawyers of the same firm which one of the lawyers is prohibited from representing a client under Rule 1.9 of the M.R.P.C., is grounded in the exposure of the disqualified attorney to an intolerably strong temptation to breach the duty of confidentiality to the former client. O'Donnell v. Robert Half International, Inc., 641 F. Supp. 2d 84, 91 (D. Mass. 2009) (citing Rodriguez v. Montalvo, 337 F.Supp.2d 212 (D.Mass., 2004)

A former client is not required to prove that the attorney actually misused the information, but only need show that the tempting situation existed because of an attorney-client relationship that was established in the former representation, and that the 'former and current representations are both adverse and substantially related.' O'Donnell v. Robert Half International, Inc., 641 F. Supp. 2d 84, 91 (D. Mass. 2009) (citing Bays v. Theran. 418 Mass. at 691, 639 N.E.2d at 724)

Based on Closson's disqualification from representing the Defendants in the current action under Rule 1.9(a) of the M.R.P.C., the disqualification of attorneys Paterniti and Davis from representing the Defendants in the current action is imputed to them through Rule 1.10(a) of the M.R.P.C.

## CONCLUSION

Because of the foregoing reasons, this Court should grant Plaintiff's motion and disqualify attorneys Paterniti and Davis from representing Pfizer or Cowdrick, and strike

from the record their pending Motion for a More Definite Statement and supporting memorandum.

Brent A. Arbogast, pro se

*/s/ Brent A. Arbogast*

brentarbogast@gmail.com
Brent Arbogast
9 Maple St, Apt. C
Exeter, NH 03833
(603)706-0559

Dated: March 11, 2022

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that on this 11th day of March 2022, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.